**UNITED STATES Of America,**
**Appellee,**

v.

**Frederick BROWNE, Defendant–Appellant.**

No. 03–1239.

United States Court of Appeals, Second Circuit.

May 3, 2004.

Marjorie M. Smith, Englander & Smith, Tappan, NY, for Appellant.

Amy K. Orange, Assistant United States Attorney for the Southern District of New York (David N. Kelley, United States Attorney, Gary Stein, Assistant United States Attorney), New York, NY, for Appellee, of counsel.

Present: McLAUGHLIN, SACK, Circuit Judges, and GERSHON, District Judge.*

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal be, and it hereby is, DISMISSED.

Defendant-appellant Frederick Browne was convicted of possessing with intent to distribute and distributing crack cocaine,

---

* Of the United States District Court for the Eastern District of New York, sitting by designation.

in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C). Because he qualified as a career offender under U.S.S.G. § 4B1.1, Browne's sentence was increased more than four fold from what it would have been had the instant offense been his first conviction. On appeal, Browne argues that the district court erred in denying his application for a downward departure. We disagree.

"A defendant's contention that the sentencing court should have granted a downward departure is ordinarily not a proper matter for appeal, unless the refusal to depart resulted from an erroneous interpretation of law, or was based on the court's erroneous view of the extent of its departure authority." *United States v. Labeille–Soto*, 163 F.3d 93, 100 (2d Cir. 1998) (citations omitted). We generally presume that the district court is aware of its authority to depart. *United States v. Gonzalez*, 281 F.3d 38, 42 (2d Cir.2002). This presumption is overcome only "where there is 'clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority.'" *Id.* (quoting *United States v. Brown*, 98 F.3d 690, 694 (2d Cir.1996)).

We are satisfied on the basis of the record before us that the district court understood its authority to depart and considered both a vertical and a horizontal departure before deciding ultimately to deny the defendant either. Despite the defendant's contentions to the contrary, nothing in *United States v. Mishoe*, 241 F.3d 214 (2d Cir.2001), requires the district court to depart downward when the career offender sentence is more than four times the original sentence.

For the foregoing reasons, Browne's appeal is dismissed for lack of jurisdiction.